# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40347
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2017

Lyle W. Cayce
Clerk

ULYSSES A. PEREZ,

Plaintiff-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; DARREN S. MAYER, Sergeant TDCJ-CID; TEMPLE RAMMING, State Counsel for Offenders, State of Texas; MAJOR STROLLI, Major for TDCJ-CID; RISSI OWENS, Board of Pardon and Parole, State of Texas; ISRAEL BRIONES, Office of Inspector General, Officer; MARK BOWERS, Office of Inspector General, Officer; JULIE MORALES, Parole Agent for Region Four, State of Texas,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CV-409

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40347

Ulysses A. Perez, Texas prisoner # 753177, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). He has also moved for the appointment of counsel. We review the dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Perez asserts that special prosecutor Albert Hernandez engaged in malicious prosecution by charging him with possession of a cellphone in prison in violation of Texas Penal Code § 38.11(j) despite knowing that no cellphone existed. In *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc), this court held that "'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under [] § 1983 such a claim must rest upon a denial of rights secured under federal not state law." Accordingly, Perez's freestanding claim of malicious prosecution fails as a matter of law. *See id.*

Next, Perez argues that he has satisfied the requirements set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), because his state criminal case was dismissed as a result of prosecutorial misconduct. *Id.* The state court's dismissal of Perez's criminal case was not a merits-based decision and did nothing to call into question the validity of his prison disciplinary conviction. Because the success of Perez's claims against Sergeant Darren S. Mayer, Captain Strolli, Captain Benavidez, and Major Barber would necessarily imply the invalidity of his prison disciplinary conviction and he has not shown that his prison disciplinary conviction has been invalidated in any way, his claims are barred by *Heck*. *See Heck*, 512 U.S. at 486-87; *Edwards v. Balisok*, 520 U.S. 641, 644-45 (1997).

Additionally, Perez avers that an unnamed McConnell Unit (MCU) grievance investigator "abus[ed] her office" by "giv[ing] false statements about

No. 16-40347

[his] case" at his prison disciplinary hearing.  However, he did not raise this claim in the district court.  "As a general rule, this [c]ourt does not review issues raised for the first time on appeal." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Perez's contention that Director William Stephens and the MCU Warden should be liable for the misconduct of the other MCU defendants based on the doctrine of respondeat superior is without merit.  "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001) (internal quotation marks and citation omitted).  Similarly unavailing is Perez's conclusory and unsupported allegation that the MCU Warden "signed off on numerous step one grievances," which is "sufficient to establish . . . he was individually involved." *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

Finally, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are afforded liberal construction, arguments must be briefed in order to be preserved. *Yohey*, 985 F.2d at 224-25.  Because Perez fails to brief any argument on the district court's dismissal of his remaining claims, these claims are deemed abandoned. *See id.*; *Brinkmann*, 813 F.2d at 748.

Perez has not shown that the district court erred in dismissing his suit as frivolous and for failure to state a claim. *See Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012); *Geiger*, 404 F.3d at 373.  As a result, the judgment of the district court is affirmed.  Perez's motion for the appointment of counsel is denied because he has not demonstrated exceptional circumstances

warranting such appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

We caution Perez that the dismissal of his § 1983 complaint by the district court counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We further caution him that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION TO APPOINT COUNSEL DENIED; SANCTION WARNING ISSUED.