**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-20331

(Summary Calendar)
_____


CHARLIE MASON PETERS,

                              Plaintiff-Appellant,

versus

JOHNNY KLEVENHAGEN, SHERIFF; LARRY
DON COOK; KAREN MEDIC; JAMES A.
COLLINS, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
For the Southern District of Texas
(H93CV03129)
_____
August 25, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]


    Charlie Mason Peters filed a civil rights claim pursuant to 42

U.S.C. § 1983 (1988) against Harris County, Texas, Sheriff Johnny

Klevenhagen, Capital Correctional Resources Director Larry Don

Cook, Limestone Detention Center Warden Karen Medic, and James

_____

    [*]    Local Rule 47.5.1 provides:  "The publication of opinions that have
no precedential value and merely decide particular cases on the basis of well-
settled principles of law imposes needless expense on the public and burdens on
the legal profession."  Pursuant to that Rule, the Court has determined that this
opinion should not be published.

Collins, the Director of the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"). Peters alleged that security guards at the Limestone Detention Center intentionally destroyed his personal property, valued at over $1000, during a riot. The district court dismissed Peter's complaint as frivolous pursuant to 28 U.S.C. § 1915(d) (1988). We affirm.

During a riot at the Limestone Detention Center, guards escorted Peters and other non-rioting inmates from their assigned housing and eventually to a TDCJ-ID facility. Peters alleges that during the course of these events, security guards at Limestone intentionally appropriated or destroyed his property. He estimates the loss of personal and legal materials at over $1000.

Peters filed a *pro se, in forma pauperis* suit under § 1983 against Klevenhagen, Cook, Medic, and Collins, seeking compensatory, punitive, and nominal damages. The district court dismissed his complaint as frivolous pursuant to § 1915(d). Peters moved to reopen the proceeding on the grounds that he had not received notice of the district court's dismissal and was, therefore, deprived of his right to appeal. The district court granted the motion, and it again entered its judgment of dismissal, appending a copy of the original dismissal order containing its "reasons and holdings" as Exhibit A.

Peters now appeals, arguing only that while the court clerk sent him notice of the new dismissal order, the clerk failed to provide him with a copy of Exhibit A, thereby rendering him incapable of perfecting an adequate appeal to the district court's

-2-

judgment. He contends that this violated Rules 5 and 58(1)[1] of the Federal Rules of Civil Procedure and that in light of his *pro se* status, this Court should remedy the district court's oversight and grant him leave to cure any deficiencies in his claim. We need not address this procedural question, however, if it would be impossible for Peters to cure those deficiencies with an amended complaint. Fed. R. Civ. P. 61 (allowing court to disregard harmless errors); *cf. Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (noting that dismissal under § 1915(d) would be an abuse of discretion if plaintiff could remedy frivolousness with an amended pleading).

We review a § 1915(d) dismissal for an abuse of discretion. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A complaint filed *in forma pauperis* may be dismissed as frivolous pursuant to § 1915(d) if it has no arguable basis in law or fact. *Id.*

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural

---

[1]    Rule 5 reads in relevant part:
    (a) Service: when required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.
Fed. R. Civ. P. 5.
    Rule 58 reads in relevant part:
    Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court;
Fed. R. Civ. P. 58.

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984). Peters' § 1983 claim necessarily fails, because Texas provides a postdeprivation remedy in the form of a tort action for conversion. *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994) (holding that the tort of conversion provides adequate remedy to a prisoner deprived of personal property by security guards). "Texas law allows a plaintiff to recover for all losses proximately caused by the defendant's conversion." *South Cent. Livestock v. Security State Bank*, 614 F.2d 1056, 1061 (5th Cir. 1980). "The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process." *Parratt v. Taylor*, 451 U.S. 527, 544, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d. 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d. 662 (1986).[2] Accordingly, Peters' claim based on the alleged confiscation or destruction of his property has no arguable basis in law or fact and the district properly dismissed it as frivolous. Because it is impossible for Peters to cure the legal frivolousness of his claim, the clerk's error did not affect the substantial rights of either

---

[2]     Peters does not allege that the security guards were authorized to deprive him of his property or that their actions were a part of an established state policy. *Cf. Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S. Ct. 1148, 71 L. Ed. 2d. 265 (1982) (holding that the availability of a state tort remedy does not bar due process claims brought in action for deprivation of civil rights in cases where plaintiff is challenging established state procedure).

of the parties and was therefore harmless.  *See* Fed. R. Civ. P. 61. ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.");  *see also Beighley v. Fed. Deposit Ins. Corp.*, 868 F.2d 776, 786 (5th Cir. 1989) (finding that because the FDIC was entitled to judgment as a matter of law, denial of Beighley's jury demand was harmless error).

For the foregoing reasons, we AFFIRM.