# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2017

Lyle W. Cayce
Clerk

JAMES A. BROWN,

Plaintiff-Appellant

v.

SERGEANT NFN VASQUEZ; CORRECTIONAL OFFICER III R. HUGHES,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CV-198

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

James A Brown, Texas prisoner # 1893446, filed a 42 U.S.C. § 1983 complaint alleging violations of his constitutional rights stemming from two cell extractions. He named as defendants Sergeant Vasquez and Correctional Officer R. Hughes. Pursuant to 28 U.S.C. § 636, Brown consented to proceed before the magistrate judge (MJ). Brown now appeals the MJ's dismissal of his complaint as frivolous and for failure to state a claim pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11009

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  We review the dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

A de novo review reveals the MJ did not err in dismissing Brown's excessive force claim for failure to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Geiger*, 404 F.3d at 373.  Construing the facts from the complaint in Brown's favor, no reasonable jury could find that the defendants' actions were not "a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("[T]he core judicial inquiry [in an excessive-force claim] is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").  The fact that force was required at all was due to Brown's repeated failure to comply with orders and his resistance to the extraction team's efforts to restrain him once they entered his cell.  Under the circumstances, the defendants used no more force than was reasonably necessary to secure Brown.

Next, Brown challenges the MJ's conclusion that his prison disciplinary proceeding claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).  If Brown's claims are credited, they necessarily imply that the finding of guilt and punishment for his prison violation was invalid.  Because Brown has not shown that the disciplinary decision has been overturned, he cannot maintain a § 1983 action for damages.  *See Edwards*, 520 U.S. at 646-48; *Heck*, 512 U.S. at 486-87.  Likewise, Brown cannot recover in a § 1983 action the good-time credits forfeited in his disciplinary proceeding.  *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).

Brown also asserts that the MJ erred in dismissing his retaliation claim for failure to state a claim.  According to Brown, the defendants engaged in a "campaign of harassment and retaliation" by denying him a meal, spraying

No. 15-11009

him with chemical agents, conducting unnecessary strip searches, committing him to crisis management under false pretenses, and taking his property. Brown has failed to offer any direct evidence of the defendants' retaliatory motive or a chronology of events from which retaliation could plausibly be inferred. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

To the extent Brown argues that the MJ improperly determined that his property loss claim was barred by the *Parratt/Hudson*[1] doctrine, his argument is without merit. "Under the *Parratt/Hudson* doctrine, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (internal quotation marks and citation omitted). Texas's tort of conversion provides adequate state post-deprivation remedies to prisoners who claim due-process violations based on deprivation of their property. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *see also Peters v. Klevenhagen*, 1995 WL 581581, at 1 (5th Cir. 1995); TEX. GOV'T CODE §§ 501.007, 501.008.

Similarly unavailing is Brown's contention that the MJ erred by not providing him an opportunity to amend before dismissing his § 1983 complaint. The record reflects that the MJ ordered Brown to provide a more definite statement to better ascertain Brown's claims. Brown complied. Even with the opportunity to provide a more definite statement, Brown's claims were found to be inadequate, demonstrating that Brown had already alleged his best case and that any further amendment would not have stated a valid § 1983 claim.

---

[1] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

No. 15-11009

*See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Finally, Brown briefs no argument, separate from his assertion of retaliation, that the defendants violated his Eighth Amendment rights by spraying him with chemical agents on September 2, 2014, and that Officer Hughes violated his Fourth Amendment rights by conducting unnecessary strip searches on September 2, 2014. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thus, these arguments are deemed abandoned. *See id.* For the first time on appeal, Brown raises a failure-to-protect claim. Because Brown did not raise this claim in the district court, we need not consider it on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Brown has not shown that the MJ erred in dismissing his § 1983 complaint as frivolous and for failure to state a claim. *See Geiger*, 404 F.3d at 373. As a result, the judgment of the MJ is affirmed. The MJ's dismissal of Brown's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). Brown also has two prior strikes from complaints that were dismissed as frivolous and for failure to state a claim. *See Brown v. Operman*, 1:14-cv-00736 (W.D. Tex. Nov. 12, 2014); *Brown v. Joseph*, 1:13-cv-00843 (W.D. Tex. Sept. 18, 2014). Because Brown has accumulated three strikes, he is advised that he is now barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Further, we warn Brown that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal,

monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). Brown should review any pending appeals and actions and move to dismiss any that are frivolous.

AFFIRMED; § 1915(g) SANCTION BAR IMPOSED; SANCTION WARNING ISSUED.