# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2012

Lyle W. Cayce
Clerk

No. 12-10333

ROBERT C. MORRIS,

Plaintiff-Appellant,

v.

MIKE MCALLESTER, in his Individual and Official capacity; JOSEPH
JOHN GUTIERREZ, in his Individual and Official capacity; CITY OF
MINERAL WELLS POLICE DEPARTMENT,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
Fort Worth Division

Before STEWART, Chief Judge, and KING and OWEN, Circuit Judges.

CARL E. STEWART, Chief Judge:

Defendant, Robert C. Morris, appeals the district court's dismissal of his claims pursuant to 42 U.S.C. § 1983. Because Morris has failed to prove that his claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for the additional reasons stated herein, we AFFIRM.

I.

Morris, currently Texas prisoner # 1311083, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Mineral Wells Police Department (MWPD) and against MWPD Officers Mike McAllester and Joseph John

No. 12-10333

Gutierrez. He contended that on May 12, 2000, Officers McAllester and Gutierrez, acting on a complaint that Morris possessed child pornography, obtained the assistance of a former tenant or roommate of Morris's to illegally enter his home while he was away and obtain evidence without a search warrant. As a result of the search of Morris's home, he was ultimately arrested and convicted in state court of possession of child pornography. The trial court sentenced Morris to ten years of supervised community supervision. In February 2011, after Morris had served one-third of his original community supervision period, pursuant to Tex. Code Crim. Proc. art. 42.12 § 20,[1] the trial court terminated the remainder of Morris's probationary term, dismissed the proceedings, and discharged Morris from any further penalties or disabilities resulting from the offense.

Subsequently, in December 2011, Morris filed a claim pursuant to 42 U.S.C. § 1983 in federal district court, asserted that he was entitled to monetary damages as a result of the alleged illegal search. Morris argued that, because the trial court had dismissed his conviction in February 8, 2011, he was now able to present his § 1983 claims pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[1] Tex. Code Crim. Proc. art. 42.12 § 20(a) provides in pertinent part:

> At any time after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. On completion of one-half of the original community supervision period or two years of community supervision, whichever is more, the judge shall review the defendant's record and consider whether to reduce or terminate the period of community supervision, unless the defendant is delinquent in paying required restitution, fines, costs, or fees that the defendant has the ability to pay or the defendant has not completed court-ordered counseling or treatment.

No. 12-10333

The magistrate judge granted Morris in forma pauperis (IFP) status. The district court noted that because Morris's claims called into question the validity of his conviction, he was required under *Heck* to show that the conviction had been reversed or invalidated. *See Heck*, 512 U.S. at 486-87. The district court further reasoned that, although the trial court had dismissed the criminal proceedings and discharged Morris from further penalties and disabilities, the trial court order did not satisfy *Heck* because it did not reverse or invalidate the original conviction. *Id.* Consequently, the district court concluded that Morris's claims were barred by *Heck* and dismissed the complaint as frivolous and for failure to state a claim upon which relief could be granted. 28 U.S.C. § 1915A(b)(1). The district court further found that, although Texas state law provided the trial court with discretion to set aside a verdict and dismiss the complaint against a defendant, Morris was not entitled to such relief because he was required to register as a sex offender. Tex. Code Crim. Proc. art. 42.12 § 20(a),(b).

Within 30 days of the entry of the district court's judgment, Morris moved to amend or alter the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e). He asserted that the trial court's order satisfied *Heck* because the dismissal was essentially a concession that the conviction was invalid. He also maintained that, under Texas law, the trial court's decision to terminate his probation early under Article 42.12 § 20 erased the prior conviction thereby entitling him to proceed under § 1983, because it released him from further disabilities and penalties. Tex. Code Crim. Proc. art. 42.12 § 20(a). The district court denied the motion. Morris filed the instant appeal.[2]

II.

---

[2] The magistrate judge granted Morris leave to proceed IFP on appeal.

No. 12-10333

On appeal, Morris contends that the district court erred in dismissing his § 1983 civil rights complaint. Morris's primary argument is that his early release from probation constitutes an invalidation of his conviction pursuant to *Heck*. Morris further maintains that his argument is supported by the Texas Court of Criminal Appeals's (TCCA) interpretation of Tex. Code Crim. Proc. art. 42.12 § 20(a) in *Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002). In that case, the TCCA held that under a dismissal pursuant to Article 42.12 § 20, the conviction is "wiped away" in its entirety, which according to Morris, is tantamount to being declared "invalid." *Cuellar*, 70 S.W.3d at 819-20 (citing Tex. Code Crim. Proc. art. 42.12 § 20). Finally, Morris contends that because the trial court order released him from further penalties and disabilities, his civil rights were restored and the prior offense no longer constitutes a conviction.

Section 1915A(b)(1) provides for dismissal of any claim or complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). This court's precedent is inconsistent as to whether a § 1915A(b)(1) dismissal is reviewed de novo or for abuse of discretion; however, because Morris's appeal fails under both standards, we decline to resolve that discrepancy herein. 28 U.S.C. § 1915A(b)(1); *see Jackson v. Mizzel*, 361 F. App'x 622, 625 & n.7 (5th Cir. 2010).

Under *Heck*, a § 1983 plaintiff may not recover damages for an unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" until he has shown that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

No. 12-10333

Morris does not contend that his conviction was reversed or expunged or that a federal court granted habeas relief. Rather, Morris argues that the dismissal of his proceedings was tantamount to his conviction being "declared invalid by a state tribunal authorized to make such determination." *Heck*, 512 U.S. at 487. We do not agree.

Under Texas law, a defendant who has completed one-third of his original community supervision period in a satisfactory manner may have the period "reduced or terminated by the judge." Tex. Code Crim. Proc. art. 42.12 § 20(a). After one-half of the original community supervision period or two years of community supervision is completed, whichever is more, "the judge shall review the defendant's record and consider whether to reduce or terminate the period of community supervision," as long as the defendant has paid all required fees and completed court-ordered treatment programs or counseling. *Id.* If the trial judge elects to discharge the defendant from the remaining portion of his community supervision, "the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense[.]" *Id.*[3]

The trial court's February 2011 order of "Early Release and Discharge from Community Supervision" does not state that it serves to invalidate Morris's

---

[3] The early release provision is not available to a defendant convicted of an offense that requires sex offender registration. Tex. Code Crim. Proc. art. 42.12 § 20(b). As the district court found, Morris's child pornography conviction requires registration. Tex. Code Crim. Proc. Ann. art. 62.01(5)(B) (West 2001). Accordingly, it appears that the trial court granted Morris relief to which he was not entitled. In habeas proceedings, however, this court has held that it will not review the propriety of a state's court's application of state law, except to the extent that it implicates federal law. *See Springer v. Coleman*, 998 F.2d 320, 324 (5th Cir. 1993). Given that no party has challenged the propriety of the trial court's ruling, we conclude there are no federal law implications herein. Accordingly, we decline to address the fundamental propriety of the trial court's ruling under art. Tex. Code Crim. Proc. 42.12 § 20(a),(b).

conviction for possession of child pornography. The order merely concludes that Morris satisfactorily completed a sufficient percentage of his community supervision and that dismissal of the proceedings and the remainder of his term was appropriate under Tex. Code Crim. Proc. art. 42.12 § 20. We do not agree with Morris that this language is equivalent to an order invalidating his conviction.

Nonetheless, Morris further maintains that his argument is supported by the TCCA's interpretation of Article 42.12 § 20(a) in *Cuellar*. Tex. Code Crim. Proc. art. 42.12 § 20(a); *Cuellar*, 70 S.W.3d 815. In that case, the TCCA held that under a dismissal pursuant to Article 42.12 § 20, the conviction is "wiped away" in its entirety, which according to Morris, is the same as being declared "invalid." *Cuellar*, 70 S.W.3d at 819-20 (citing Tex. Code Crim. Proc. art. 42.12 § 20).

In *Cuellar*, the defendant was convicted of possession of a firearm by a convicted felon. *Cuellar*, 70 S.W.3d at 817. Cuellar had been sentenced to community supervision on the underlying felony conviction, and the trial court had ultimately entered an order "that the judgement of conviction entered in said cause be and is hereby set aside and the indictment against said defendant be and the same is hereby dismissed." *Id.* at 816. Cuellar challenged his felon-in-possession conviction, asserting that he was not in fact a felon in light of the dismissal. *Id.* at 817-20. The TCCA ultimately agreed with Cuellar's assessment. *Id.* at 820. The court found that a typical discharge from community supervision, which occurs when a defendant has satisfied his obligation in full, does not negate the fact of conviction. *Id.* at 818. The TCCA then considered Art. 42.12 § 20(a), however, and concluded that such a release did not result in a conviction if the trial court elected to dismiss the indictment after setting aside the verdict or allowing withdrawal of the plea. *Id.* at 818 (citing Tex. Code Crim. Proc. art. 42.12 § 20). The TCCA ultimately concluded

No. 12-10333

that "[o]nce the trial court judge signs the Article 42.12, § 20, order, the felony conviction disappears," except in certain limited circumstances. *Id*. at 820 (footnote omitted).

Morris's case, however, is distinguishable from the factual circumstances set forth in *Cuellar*. The defendant in Cuellar received relief because the order included express language dismissing the indictment. *See Cuellar*, 70 S.W.3d at 816, 820. Further, a review of the applicable case law reveals that Texas courts do not imply the dismissal of the indictment when ordering early release under Article 42.12 § 20; they instead include the language in the order. Tex. Code Crim. Proc. art. 42.12 § 20(a); *see, e.g., Texas Dep't of Public Safety v. J.H.J.*, 274 S.W.3d 803, 805 (Tex. App. 2008) ("IT IS THEREFORE ORDERED that said period be declared to have terminated and the defendant discharged from probation, that the defendant is permitted to withdraw his plea, that this prosecution be dismissed."); *Goldberg v. Comm'n for Lawyer Discipline*, 265 S.W.3d 568, 571 (Tex. App. 2008) (order terminating period of community supervision, restoring civil liberties, releasing the defendant from all penalties and legal disabilities, setting aside the verdict, withdrawing the defendant's plea, and dismissing the charging instrument and the prosecution); *Smiley v. State*, 129 S.W.3d 690, 694 n.2 (Tex. App. 2004) (order terminating probation which permitted defendant to withdraw the plea and dismissed the indictment).[4] Morris's order does not include express language dismissing his indictment, nor

---

[4] Furthermore, this court has previously held that, because the order at issue did not specifically include dismissal of the indictment, a defendant's prior conviction could continue to serve as the basis for a felon-in-possession charge even though he had been satisfactorily discharged from probation under Art. 42.12 § 20. *United States v. Daugherty*, 264 F.3d 513, 514-18 & n.1 (5th Cir. 2001); *see also United States v. Beck*, No. A-09-CR-116-LY, 2009 WL 2581416, at *1-4 (W.D. Tex. Aug. 18, 2009) (holding a defendant's prior convictions could not support a felon-in-possession conviction because the trial court had dismissed the indictment and released the defendant from all penalties and disabilities).

does it state that his guilty plea is withdrawn, that the verdict is set aside, or that his civil liberties are restored.

Accordingly, we hold that the district judge properly concluded that Morris's claims were barred by *Heck*. *Heck*, 512 U.S. 477.[5]

Morris's remaining two arguments are also unavailing. First, Morris notes that, in rejecting his 28 U.S.C. § 2254 petition challenging his Texas child pornography conviction, the district court concluded that even if the petition had been timely, it would have been moot in light of the dismissed proceedings. Morris contends that the trial court's finding that Morris's habeas case was moot is inconsistent with its holding that Morris's civil rights claims are *Heck*-barred.

The fact that Morris is no longer a prisoner "in custody" for his offense and thus may not seek habeas relief does not excuse him from the "favorable termination" rule of *Heck*, which instead relies on the dismissal of the indictment. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000). The mootness of Morris's habeas petition, therefore, has no effect on the cognizability of his civil rights action under *Heck*. Consequently, we find Morris's argument on this issue to be without merit.

Second, Morris asserts that because his civil rights were restored, his prior offense should no longer be considered a conviction. As an initial matter, it is not clear whether an order discharging Morris "from any further penalties and disabilities resulting from the offense" in fact restores his civil rights. Further, as previously noted, Texas courts do not imply the restoration of civil rights when ordering early release; they instead include the express language in the order. *See Goldberg*, 265 S.W.3d at 571 (specifically restoring civil rights to

---

[5] Because we have concluded that Morris's claims are *Heck*-barred, we do not reach the merits of Morris's final challenge that his underlying constitutional claims advanced pursuant to 42 U.S.C. § 1983 did not warrant dismissal as frivolous or for failure to state a claim upon which relief could be granted.

No. 12-10333

criminal defendant through early release order).  No such express language was included in the trial court's order granting Morris early release under Tex. Code Crim. Proc. art. 42.12 § 20.  Accordingly, this argument is also without merit.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.