# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20399
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2014

Lyle W. Cayce
Clerk

RHONNIE ODELL SIMMONS,

Plaintiff-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; FRANK HOKE, Access to Courts; J. D. SEIGLE, Access to Courts,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1551

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Rhonnie Odell Simmons, Texas prisoner # 1702384, appeals the district court's denial of his motion to enforce the remedial orders issued in *Ruiz v. Estelle*, 503 F. Supp. 1265 (S.D. Tex. 1980), *aff'd in part and vacated in part* 679 F.2d 1115 (5th Cir.), *amended in part and vacated in part* 688 F.2d 266 (5th Cir. 1982). He argues that the district court erred when it treated his suit

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20399

as an independent complaint, rather than as an enforcement action arising under 28 U.S.C. § 1651 and Rule 70(e) of the Federal Rules of Civil Procedure. He argues that the district court erred when it failed to enforce the standing orders in *Ruiz* and that it also engaged in racially discriminatory behavior.

The district court dismissed Simmons's action pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous, finding that it lacked an arguable basis in fact. This court's precedent is inconsistent as to whether a Section 1915A(b)(1) dismissal is reviewed de novo or for abuse of discretion. *See Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012). However, there is no need to resolve the discrepancy. Even under the more stringent de novo standard, Simmons fails to show any error by the district court.

Simmons has made no attempt to show that he was entitled to mandamus under Section 1651. It is clear that the remedy for a claim of denial of access to the courts is instead a 42 U.S.C. § 1983 action. *See United States v. Williams*, 400 F.3d 277, 280 (5th Cir. 2005). To the extent that Simmons seeks enforcement of the *Ruiz* decree through a Section 1983 action, the district court properly dismissed his claim as frivolous. The *Ruiz* decree, by itself, does not create constitutional rights that may be vindicated in Section 1983 suits by individual prisoners. *Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986); *see also Sanders v. Johnson*, 2001 WL 872796 at *1 (5th Cir. July 6, 2001) (unpublished).

To the extent that Simmons asserted a claim of denial of access to the courts, he failed to state a claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Although Simmons alleges that defendant J.D. Seigle removed law books from the law library, he does not indicate how the removal of those books personally harmed him. The claim is abandoned due to inadequate briefing. *See Yohey*

No. 13-20399

*v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, Simmons raised claims of racism and misconduct by the district judge in his motion to alter or amend the judgment in the district court. The district court implicitly denied those claims. He has not shown that the district court erred in denying these claims as they are purely speculative. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Because Simmons's appeal is without arguable merit and is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The district court's dismissal of Simmons's motion as frivolous and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Simmons is cautioned that if he accumulates three strikes he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.