# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

MICHAEL GARRETT,

Plaintiff–Appellant,

versus

WILLIAM STEPHENS, Individual capacity;
LORIE DAVIS, Professional capacity; CANDACE MOORE; KEN PAXTON,

Defendants–Appellees.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CV-403

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Michael Garrett, Texas prisoner # 697364, appeals the dismissal of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40354

42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). We review the dismissal *de novo*. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Garrett does not challenge the district court's determination that the confiscation of his property was not cruel and unusual punishment under the Eighth Amendment. Therefore, that claim is abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Garrett claims that Candace Moore filed disciplinary charges against him and confiscated his property in retaliation for his filing of administrative grievances and his attempt to add her as a defendant in another lawsuit. But Garrett does not address the district court's reliance on *Heck v. Humphrey*, 512 U.S. 477 (1994), to dismiss this claim. By failing to address the legal basis of the district court's decision, it is the same as if Garrett had not appealed. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Garrett contends that the disciplinary officer violated his due-process rights by not allowing him to call witnesses and present evidence at the disciplinary hearing. The record belies this claim, however, and shows that prison officials satisfied all due-process requirements. *See Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974). Because the claim is not plausible on its face, the court did not err in dismissing it under §§ 1915(e)(2)(B) and 1915A(b)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Relying on the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Garrett asserts that the confiscation of his property by Moore forced him to modify his daily religious practices. He has failed to state a claim under RLUIPA because he has not alleged a government regulation or policy

2

infringing his right to free exercise of religion. *See Adkins v. Kaspar*, 393 F.3d 559, 567 (5th Cir. 2004). Moore did not seize Garrett's religious items under a state policy but, instead, as part of an investigation into an alleged violation of state law. Because this claim has no arguable basis in the law and is not plausible on its face, the court did not err in dismissing it under §§ 1915(e)(2)(B) and 1915A(b)(1). *See Iqbal*, 556 U.S. at 678; *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012).

Garrett maintains that the confiscation of his property violated his due-process process rights and that the district court erroneously applied the *Parratt/Hudson* doctrine. He asks this court to exercise supplemental jurisdiction over this claim. Under the *Parratt/Hudson* doctrine, the deprivation of a constitutionally protected property interest caused by a state actor's random, unauthorized conduct does not give rise to a § 1983 procedural-due-process claim unless the state fails to provide an adequate post-deprivation remedy. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (citing *Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

Texas's tort of conversion provides adequate state post-deprivation remedies to prisoners who claim due-process violations based on deprivation of their property. *See Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994); *see also Peters v. Klevenhagen,* 1995 WL 581581, at *1 (5th Cir. 1995) (unpublished); TEX. GOV'T CODE §§ 501.007, 501.008. The circumstances do not call for the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also Rhyne v. Henderson Cty.*, 973 F.2d 386, 395 (5th Cir. 1992).

Garrett contends that the seizure of his property has impeded his right to access the courts. This claim is directly belied by the fact that Garrett has filed several *pro se* suits and accompanying appeals. Given the lack of evidence

that he has been denied access, Garrett has not shown that the district court erred in dismissing this claim. *See Iqbal*, 556 U.S. at 678; *Morris*, 702 F.3d at 189.

Addressing the ruling that he cannot sue the defendants in their official capacities for money damages, Garrett claims that he should be able to sue them in their individual capacities and that the record evidence establishes that their conduct violated his constitutional rights. As noted in the magistrate judge's recommendation, Garrett did not specifically state whether he was suing Moore and Stephens in their individual or official capacities, so we assume he is pursuing both avenues. The district court determined only that Garrett could not sue the defendants in their official capacities for money damages under the Eleventh Amendment; it made no adverse ruling regarding Garrett's ability to sue them in their individual capacities. Given that he complains of a determination that does not exist, Garrett has not shown error.

Garrett posits that William Stephens breached his affirmative duty as former director of the Texas Department of Criminal Justice ("TDCJ") when he ignored Garrett's administrative grievances. Garrett contends that Stephens's deliberate indifference to those grievances violated the Eighth Amendment.

There is no evidence that Stephens encouraged or was complicit in the filing of allegedly retaliatory actions by Moore against Garrett. Garrett also does not suggest that his own lack of training resulted in Moore's filing of the contraband charges. Moreover, Garrett does not have a constitutional right to have grievances resolved in his favor or to have his claims reviewed per a grievance process that is responsive to his perceived injustices; thus, the denials of his grievances do not implicate his constitutional rights or give rise to a § 1983 claim against Stephens. *See Geiger*, 404 F.3d at 374. Prison officials reviewed

each of Garrett's grievances and, therefore, he fails to show deliberate indifference by Stephens in his attention to those matters. *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

Garrett asserts that Texas Attorney General Ken Paxton is responsible for the alleged retaliatory acts of Moore because Paxton issued a memorandum to the prison authorizing the disciplinary action. That memorandum is a directive from the TDCJ to the Director of Corrections Law explaining the measures that a state employee may pursue when an offender threatens to, or already has, filed fraudulent liens against that employee. Garrett has not established that that explanatory document resulted in retaliatory acts by Moore. It follows that the district court did not err in dismissing that contention for failure to state a claim and/or as frivolous. *See Iqbal*, 556 U.S. at 678; *Morris*, 702 F.3d at 189.

Garrett has not shown that the district court erred in dismissing his suit as frivolous and for failure to state a claim. *See Morris*, 702 F.3d at 189. As a result, the judgment is AFFIRMED. We caution Garrett that the dismissal counts as a strike under § 1915(g), *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), and that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).