# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20104
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

SAMUEL MEDRANO DIAZ,

Plaintiff-Appellant

v.

GREGG ABBOTT, Governor of the State of Texas; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; DEVON ANDERSON, Harris County District Attorney; BLANCA LOPEZ, Appeal Attorney; CANDELARIO ELIZONDO,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-141

Before REAVLEY, PRADO, GRAVES, Circuit Judges.

PER CURIAM:[*]

Samuel Medrano Diaz, Texas prisoner # 763621, appeals the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The district court concluded that Medrano Diaz's claims, which involved challenges to his murder conviction and life sentence in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20104

Cause Number 714137, were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). We review the district court's ruling for an abuse of discretion. *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

In his appellate brief, Medrano Diaz appears to argue that because his sentence in Cause Number 714137 was void and illegal, it should have been overturned on direct appeal or called into question during the habeas proceedings and he has therefore satisfied *Heck*. He is incorrect in that assertion. *See Heck*, 512 U.S. at 486-87. To the extent that Medrano Diaz sought an immediate release from prison, his claims sounded in habeas. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, the district court lacked jurisdiction over such allegations because Medrano Diaz had not obtained authorization from this court to file a successive 28 U.S.C. § 2254 action. *See* 28 U.S.C. § 2244(b).

Alternatively, Medrano Diaz contends that although he is purportedly being held on Cause Number 714137, his detention is illegal because that conviction was in fact overturned on direct appeal. According to Medrano Diaz, in order to keep him in jail, the prosecutor and the defense attorneys conspired to convict him under a separate cause number and a different name in order to prevent him from challenging his conviction and sentence. He maintains that because he made these allegations in his complaint, the district court was required to accept them as true. A court has no obligation to accept the factual allegations in a complaint that are fanciful, fantastic, or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Medrano Diaz's claims lacked an arguable basis in fact or in law, and the district court therefore properly dismissed the complaint as frivolous. *See id.*; *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). As

No. 17-20104

the district court did not abuse its discretion in its ruling, the judgment of the district court is AFFIRMED.  *See Black*, 134 F.3d at 734.

The dismissal of Medrano Diaz's suit in the district court counts as a strike for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Medrano Diaz is WARNED that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).