# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2018

Lyle W. Cayce
Clerk

No. 17-10647
Summary Calendar

YUSUFU DANMOLA,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-416

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Yusufu Danmola, federal prisoner # 54779-177, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of FBI*, 403 U.S. 388, 390-98 (1971). He now appeals the district court's dismissal of his complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b). We review the district court's ruling de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is frivolous if it has

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no "arguable basis in fact or law." *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012). In addition, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

As with the complaint in the district court, the majority of Danmola's claims on appeal involve assertions that his federal conviction for being a felon in possession of a firearm violates the Second Amendment and that his criminal proceedings were rife with constitutional violations. However, he may not recover damages for his "allegedly unconstitutional conviction or imprisonment" until he has proven "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) (footnote omitted); *see also Stephenson v. Reno*, 28 F.3d 26, 26-27 & n.1 (5th Cir. 1994) (applying *Heck* in a *Bivens* action). Danmola has not made the requisite showing.

In addition, Danmola asserts that the prison law library was inadequate because he was unable to obtain copies of the Texas Constitution and the Uniform Commercial Code to aid him in filing pro se motions challenging the criminal proceedings. Because he had refused the offer of court-appointed representation, he had no constitutional right of access to a law library in order to prepare for his pro se defense at trial. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996). Although Danmola also complains that prison officials opened his legal mail outside of his presence, in violation of prison policy, such an action does not constitute a violation of his constitutional rights. *See Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). The district court properly

No. 17-10647

concluded that Danmola's claims were frivolous and that he had failed to state a claim upon which relief could be granted. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Morris*, 702 F.3d at 189. Accordingly, the judgment of the district court is AFFIRMED.

The dismissal of Danmola's complaint in the district court counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Danmola is WARNED that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).