# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30185
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2018

Lyle W. Cayce
Clerk

FARD ABDUR RAHMAN DICKERSON,

Plaintiff-Appellant

v.

JOHN BEL EDWARDS; JEFFREY M. LANDRY; W. S. MCCAIN; DOUGLAS ANDERSON; ANGEL WILSON; UNKNOWN PRISON OFFICIALS; CONCORDIA PARISH CORRECTIONAL CENTER; RAYMOND LABORDE CORRECTIONAL CENTER,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-1282

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Fard Abdur Rahman Dickerson, Louisiana prisoner # 602702, proceeding pro se and in forma pauperis (IFP), appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). We decline to decide the appropriate standard of review because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*de novo* review and review for an abuse of discretion yield the same result in this case. *See Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

To the extent that Dickerson's pleadings in the district court raised any claims other than challenges to the legality of his Louisiana conviction and sentence for attempted simple burglary, Dickerson has abandoned them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that even pro se litigants must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (reasoning that litigant's failure to identify any error in district court's analysis is the same as if he had not appealed). Likewise, although Dickerson presses claims that his Louisiana conviction and sentence are illegal, he does not address the district court's determination that such claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); he has, therefore, also abandoned any challenge to the district court's basis for dismissal. *See Yohey*, 985 F.2d at 225; *Brinkmann*, 813 F.2d at 748.

Accordingly, we DISMISS as frivolous Dickerson's appeal. *See* 5TH CIR. R. 42.2. The motions to clarify relief, to compel, and for the appointment of counsel are DENIED. The district court's dismissal of Dickerson's complaint and our dismissal of his appeal both count as strikes under Section 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Dickerson is WARNED that if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).