# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50081

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2018

Lyle W. Cayce
Clerk

JOSHUA DUANE BARNES,

Plaintiff-Appellant

v.

RONALD GIVENS, In Their Official Capacity, Senior Warden Connally Unit; FRANK STENGEL, In Their Official Capacity, Assistant Warden Connally Unit; JOE CASTILLO, In Their Official Capacity, Major, Connally Unit; BRYAN COLLIER, EXECUTIVE DIRECTOR, In Their Official Capacity, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; JOE GRIMES, In Their Official Capacity, Director of TDCJ Region IV; P. CHAPA, In Their Official Capacity, Assistant Director of TDCJ Region IV; AMBER JENKINS, In Their Official Capacity, Mailroom Supervisor, Connally Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-1071

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Joshua Duane Barnes, Texas prisoner # 1546645, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50081

§ 1983 complaint for failure to state a non-frivolous claim.  The district court denied Barnes's motion to proceed IFP and certified pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that the appeal was not taken in good faith.

By moving to proceed IFP, Barnes is challenging the district court's certification that the instant appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

A prisoner's IFP civil rights complaint "shall" be dismissed if, inter alia, it is frivolous or fails to state a claim on which relief can be granted. § 1915(e)(2)(B)(i), (ii), 28 U.S.C. § 1915A(b)(1); *see Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012).  "This court reviews the dismissal of a civil rights complaint as frivolous for an abuse of discretion." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).  "A dismissal of a civil rights complaint for failure to state a claim is reviewed *de novo*, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Id.*

Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies, which is primarily done by conducting a hearing under *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), or requesting a more definite statement through a questionnaire.  *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).  The district court erred by dismissing Barnes's pro se complaint without doing so.  *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  Accordingly, we consider whether Barnes's

"allegations, if developed by a questionnaire or in a *Spears* dialog, might have presented a nonfrivolous section 1983 claim." *Eason*, 14 F.3d at 9. If, "[w]ith further factual development and specificity" his "allegations may pass . . . muster," we will remand to give him "an opportunity . . . to offer a more detailed set of factual claims." *Id.* at 10.

We conclude that it is possible that, had Barnes been given an opportunity to properly develop his claims, the allegations, viewed in the light most favorable to Barnes, would have been sufficient to state constitutional violations that were at least plausible on their face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With respect to Barnes's Fourteenth Amendment claim, the district court concluded that Barnes had failed to satisfy the test set forth in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), but did not analyze "the severity of the restrictive conditions and their duration," *Wilkerson v. Goodwin*, 774 F.3d 845, 854-55 (5th Cir. 2014) (indicating that "the severity of the restrictive conditions and their duration [are] key factors" in deciding whether a prisoner has a liberty interest in his custodial classification). Further development of Barnes's claim is warranted, especially in light of his allegation that he has been in administrative segregation on cell rotation for a least 10 years. *See Bailey v. Fisher*, 647 F. App'x 472, 476-77 (5th Cir. 2016) (citing *Wilkerson*, 774 F.3d at 854-55) (noting "that two and a half years of segregation is a threshold of sorts for atypicality").

In addition, as Barnes correctly argues, the district court failed to address his First Amendment claim involving the interference with his mail and his Eighth Amendment claim involving the conditions of his cells. A prisoner's right to be free from unlawful interference with his mail is based on two distinct rights: the right of access to the courts and the right of free speech, that is, "the right to be free from unjustified governmental interference with

communication." *Brewer v. Wilkinson*, 3 F.3d 816, 820, 825-26 (5th Cir. 1993) (quote at 820). Further development of Barnes's First Amendment claim is needed based on his allegation that his incoming mail is frequently given to other inmates or "delayed weeks or sometimes months."

Likewise, development of Barnes's Eighth Amendment claim is warranted in light of his allegation that he was forced to live in cells that were covered with feces, urine, blood, rotten food, and chemical agents and that some of his cells also had broken light fixtures, clogged toilets, and no running water. In *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004), this court concluded that a valid conditions of confinement claim arose, and justified injunctive relief, where inmates were kept in cells that were "'extremely filthy' with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls."

Regardless whether Barnes can ultimately prevail on the merits of his claims, the facts alleged are not "fantastic or delusional," nor are the legal theories of liability asserted "indisputably meritless." *Eason*, 14 F.3d at 9 n.5 (internal quotation marks and citation omitted). In light of the foregoing and the fact that Barnes has demonstrated that he is financially eligible to proceed IFP, his motion for leave to proceed IFP is GRANTED and the district court's judgment dismissing his complaint for failure to state a non-frivolous claim is VACATED. We DISPENSE with further briefing and REMAND the case to the district court for further proceedings consistent with this opinion. Barnes's motion for the appointment of counsel is DENIED as unnecessary.