# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2022

Lyle W. Cayce
Clerk

No. 21-20214
Summary Calendar

Darryl Richards,

*Plaintiff—Appellant*,

*versus*

Ed Gonzales, *Sheriff of Harris County*; Joe Kegans,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4180

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Darryl Richards appeals the dismissal of his 42 U.S.C. § 1983 suit against Harris County Sheriff Ed Gonzales and Joe Kegans, the "proprietor" of the Joe Kegans Intermediate Sanction Facility (ISF). Richards alleged that Sheriff Gonzales and Kegans falsely imprisoned him after a state court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissed an underlying criminal charge against him. Richards also claimed that prison officials committed other civil violations against him, such as preventing him from accessing the administrative grievance process.

A complaint is frivolous if it has no "arguable basis in fact or law." *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012). We review a dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010).

First, Richards argues that the district court erred when it dismissed his claims against Sheriff Gonzales as time barred and, therefore, frivolous. He asserts that the two-year limitations period should have been tolled by his term of imprisonment which prevented him from filing his § 1983 suit.

Richards has not shown that the district court abused its discretion in dismissing his claims against Sheriff Gonzales as frivolous under § 1915(e)(2)(B)(i). *See id.* The record reflects that he filed his suit more than two years after the accrual date of his false imprisonment claim. *See Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Although he argues that equitable tolling should have applied, Richards has neither argued nor demonstrated that any extraordinary circumstance prevented him from filing suit against Sheriff Gonzales from the time of his release to the expiration of the limitations period. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Therefore, he has not shown that the actual period of detention should have tolled the two-year limitations period. *See id.*

Second, Richards argues that the district court erred in dismissing his false imprisonment claims against Joe Kegans for failure to state a claim. He contends that Kegans, as jailer of the ISF facility, had a duty to ensure that he imprisoned only those individuals eligible for such detention under the law. However, the district court dismissed Richards's false imprisonment claim against Kegans as time barred, and therefore frivolous, rather than for

failure to state a claim. Richards does not address the district court's reasons for concluding that the false imprisonment claim was time barred, and therefore has abandoned the claim. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Third, Richards avers that the district court abused its discretion when it denied his motion to appoint counsel because he stated claims upon which relief could be granted. Richards has failed to demonstrate the extraordinary circumstances necessary to justify the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Aside from conclusional allegations, he has failed to show that the case was factually complex or that he was incapable of adequately presenting it. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Therefore, the district court's denial of Richards's motion for the appointment of counsel was not an abuse of discretion. *See Cupit*, 835 F.2d at 86.

Finally, Richards argues that the district court abused its discretion when it denied his motion for entry of a default judgment. He notes that the defendants failed to file an answer to his claim and emphasizes that his complaint raised sufficient claims of false imprisonment. Richards has not shown that the district court abused its discretion in denying his motion for default judgment. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). In light of the discussion herein, he has not demonstrated that the drastic remedy of a default judgment was warranted given that he has not raised a nonfrivolous claim for relief. *See id.*

The judgment of the district court is AFFIRMED.