# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20721
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2018

Lyle W. Cayce
Clerk

RICHARD BARTHOLOMEW,

Plaintiff−Appellant,

versus

BRAD LIVINGSTON, Director, Texas Department of Criminal Justice;
WILLIAM H. JONES, III, Senior Warden;
JAQUELINE BROWN, Disciplinary Captain;
DAVID ROARK, Sergeant O.L. Luther Unit;
MIRACLE J. ELIJAH, Corrections Officer;
GINA D. QUAST, Substitute Counsel for Offenders;
M. BLALOCK, Grievance Officer;
JOHN DOE, Grievance Officer Identification 11904;
JANE KEMP, Education Counselor,

Defendants−Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:16-CV-2758

No. 17-20721

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Richard Bartholomew, Texas prisoner #1976514, filed this 42 U.S.C. § 1983 action claiming that the defendants violated his due process rights; retaliated against him for exercising his rights; subjected him to cruel and unusual punishment; denied him an impartial jury; discriminated against him based on his membership in a certain class; provided ineffective assistance of counsel; and maliciously prosecuted him. Bartholomew also contended that the defendants set up a simulated legal process and grievance system that caused him harm. The district court dismissed the complaint with prejudice as frivolous per 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

A dismissal as frivolous under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Although "[t]his court's precedent is inconsistent as to whether a § 1915A(b)(1) dismissal is reviewed de novo or for abuse of discretion," *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012), we need not resolve that issue because Bartholomew's appeal fails under either standard, *see id.*

Bartholomew contends that proper procedure was not used in imposing his sentence at his disciplinary hearing and, as a result, his due process rights were violated. That argument is without merit because the loss of 45 days of recreation, 45 days of commissary, and 15 days of telephone privileges, and a reduction in time earning class from L2 to L3 commissary do not implicate due process concerns. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20721

768 (5th Cir. 1997).

Bartholomew also maintains that the chronology of events shows that he was retaliated against for exercising his rights.  Based on the facts that were presented in the complaint and more definite statement, the district court did not err in dismissing the retaliation claim for failure to show causation or a chronology.  *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Bartholomew additionally avers that his due process rights were violated when he used the grievance system to identify and address the loss of his freedoms but that he was met with hostility and inane responses.  The record reflects that the responses were not hostile or inane.  Moreover, a prisoner does not have a constitutionally protected interest in having "grievances resolved to his satisfaction."  *Geiger*, 404 F.3d at 374.

Bartholomew also posits that he was part of a special minority class and that he was discriminated against because he was member of that class, in violation of the Equal Protection Clause.  In addition, Bartholomew contends that even though Brad Livingston had no direct involvement in the actions of his subordinates, Livingston's intentional inaction harmed him.  Bartholomew, however, does not meaningfully develop these general allegations.  Such conclusional claims do not suffice to show that his constitutional rights were violated.  *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Finally, Bartholomew maintains that the district court failed to address his claims that the defendants subjected him to cruel and unusual punishment; violated his right to an impartial jury; provided ineffective assistance; used false documents to bring charges against him; and maliciously prosecuted him.  The district court did not err in dismissing the § 1983 complaint because the

3

claims are unavailing.  Bartholomew fails to show that the gravity of the punishment he received as compared to the gravity of the disciplinary offense offended the Eight Amendment, *see United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010), or that the punishment deprived him of the "minimal measure of life's necessities," *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).  Moreover, Bartholomew's conclusional allegations regarding the impartial jury and ineffective assistance of counsel do not suffice to show that his constitutional rights were violated.  *See Koch*, 907 F.2d at 530.  In addition, Bartholomew's claims of false charges and malicious prosecution are barred by *Heck v. Humphrey*, 512 U.S. 477, 486−87 (1994).

The dismissal of Bartholomew's complaint counts as a strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387−88 (5th Cir. 1996).  Bartholomew is cautioned that if he accumulates three strikes, he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

The judgment of dismissal is AFFIRMED.